CAN THE CLEVELAND COUNTY HEALTH DEPARTMENT USE COUNTY HEALTH DEPARTMENT FUNDS, STAFF AND FACILITIES TO MAINTAIN AND SUPPORT THE OPERATION OF THE DEPARTMENT OF ENVIRONMENTAL QUALITY?
BECAUSE YOUR QUESTION IS SIMILAR TO ONE PREVIOUSLY REVIEWED IN AN OFFICIAL ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT THIS REQUEST SHOULD BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
THE OKLAHOMA CONSTITUTION PROHIBITS THE USE OF COUNTY FUNDS FROM AD VALOREM TAXES FOR STATE PURPOSES. ARTICLE X, SECTION 9, WAS AMENDED BY A VOTE OF THE PEOPLE AUGUST 15, 1993, TO PROVIDE IN PART:
 "NO AD VALOREM TAX SHALL BE LEVIED FOR STATE PURPOSES, NOR SHALL ANY PART OF THE PROCEEDS OF ANY AD VALOREM TAX LEVY UPON ANY KIND OF PROPERTY IN THIS STATE BE USED FOR STATE PURPOSES."
THE OKLAHOMA SUPREME COURT HAS HELD THAT A CONSTITUTIONAL AMENDMENT SHOULD BE CONSTRUED IN CONSIDERATION OF ITS PURPOSE AND BE GIVEN A PRACTICAL INTERPRETATION TO CARRY OUT THE PLAINLY MANIFESTED PURPOSE OF THE PEOPLE WHO ADOPTED IT. SMITH EX REL. STATE V. STATE BOARD OF EQUALIZATION, 630 P.2D 1264 (OKLA.1981). THE LANGUAGE OF ARTICLE X, SECTION 9 PRIOR TO AMENDMENT IN 1993, WHICH WAS SUBSTANTIALLY SIMILAR TO THE LANGUAGE ABOVE, WAS CONSTRUED TO PROHIBIT THE LEGISLATURE, WHERE THE STATE HAS ASSUMED CONTROL OVER AN ACTIVITY WHICH IS NOT AN EXCLUSIVE STATE SERVICE, FROM REQUIRING A COUNTY TO CONTRIBUTE FUNDS TOWARD THE SUPPORT OF A STATE-CREATED PROGRAM. BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY V. CITY OF MUSKOGEE, 820 P.2D 797 (OKLA.1991). IN OTHER WORDS, THE LEGISLATURE CANNOT SHIFT THE FUNDING BURDEN FROM THE STATE TO COUNTIES OR CITIES. ID. AT 805. INDEED, THE LANGUAGE CONTAINED IN 9 PROHIBITS A COUNTY FROM PROVIDING MONEY DERIVED FROM AD VALOREM TAXES EVEN VOLUNTARILY.
THUS, TO ANSWER YOUR QUESTION, IT MUST BE DETERMINED WHETHER THE OPERATION OF THE DEPARTMENT OF ENVIRONMENTAL QUALITY IS A STATE ACTIVITY.
THE DEPARTMENT OF ENVIRONMENTAL QUALITY WAS CREATED BY THE OKLAHOMA LEGISLATURE IN 1992 TO UNITE AND COORDINATE VARIOUS SEPARATE ENVIRONMENTAL PROGRAMS AND FUNCTIONS OF OTHER STATE AGENCIES. 27A O.S. 1 (1992), ET SEQ. AMENDED AGAIN IN 1993 IN H.B. NO. 1002, 2 OF THAT TITLE NOW PROVIDES:
 "THE PURPOSE OF THE OKLAHOMA ENVIRONMENTAL QUALITY ACT IS TO PROVIDE FOR THE ADMINISTRATION OF ENVIRONMENTAL FUNCTIONS WHICH WILL:
 1. PROVIDE THAT ENVIRONMENTAL REGULATORY CONCERNS OF INDUSTRY AND THE PUBLIC SHALL BE ADDRESSED IN AN EXPEDIENT MANNER;
 2. IMPROVE THE MANNER IN WHICH CITIZEN COMPLAINTS ARE TRACKED AND RESOLVED;
 3. BETTER UTILIZE STATE FINANCIAL RESOURCES FOR ENVIRONMENTAL REGULATORY SERVICES; AND
 4. COORDINATE ENVIRONMENTAL ACTIVITIES OF STATE ENVIRONMENTAL AGENCIES.
AS EVIDENCED PLAINLY BY THE LANGUAGE OF 2 ABOVE, THE DEPARTMENT OF ENVIRONMENTAL QUALITY WAS CREATED TO FURTHER A STATE FUNCTION BY MORE EFFICIENT USE OF STATE FINANCES AND COORDINATING STATE AGENCIES. CERTAINLY, THEN, IT MUST BE CONSTRUED THAT ITS ACTIVITIES WOULD BE A STATE PURPOSE UNDER THE PLAIN INTENT OF ARTICLE X, SECTION 9, OF THE OKLAHOMA CONSTITUTION. THEREFORE, PURSUANT TO THAT SECTION OF THE CONSTITUTION, A COUNTY MAY NOT USE THE PROCEEDS OF AD VALOREM TAXES FOR THESE PURPOSES.
BECAUSE COUNTY HEALTH DEPARTMENTS ARE FUNDED BY COUNTY MONIES, PURSUANT TO 63 O.S. 1-208 (1991), PART OF WHICH WOULD COME FROM AD VALOREM TAXATION, THE USE OF THESE FUNDS, OR THE STAFF AND FACILITIES SUPPORTED THEREBY, WOULD VIOLATE ARTICLE X, SECTION 9 OF THE OKLAHOMA CONSTITUTION. THIS CONSTRUCTION WAS PREVIOUSLY MADE BY THIS OFFICE IN A. G. OPIN. NO. 83-210.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE CLEVELAND COUNTY HEALTH DEPARTMENT MAY NOT USE COUNTY HEALTH DEPARTMENT FUNDS OBTAINED FROM AD VALOREM TAXES OR STAFF AND FACILITIES SUPPORTED BY AD VALOREM TAXES TO MAINTAIN AND SUPPORT THE OPERATION OF THE DEPARTMENT OF ENVIRONMENTAL QUALITY.
(JAMES ROBERT JOHNSON)